IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : No. 13-5336 |
| MICHAEL GRAHAM, et al., | : |
| Defendants. | : |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                April 4, 2014

Presently before this Court is Defendants, Michael Graham and JSMG, Inc.'s, Petition to Set Aside Default Judgment (the "Petition"). Plaintiff, J&J Sports Productions Inc. ("Plaintiff"), opted not to file a Response in opposition. For the following reasons, Defendants' Petition is denied.

**I.      BACKGROUND**

Plaintiff is a corporation organized under the laws of California with its principal place of business located in Campbell, California. Compl. ¶ 6. Defendant, Michael Graham ("Graham"), is an officer of Defendant, JSMG, Inc. ("JSMG"). Id. ¶ 7. JSMG owns and operates the commercial establishment doing business as the Crazy Leprechaun (the "Leprechaun"), which is located at 3589 Richmond Street in Philadelphia, Pennsylvania. Id. Graham is specifically identified on the Pennsylvania Liquor Control Board license issued for the Leprechaun. Id. ¶ 8.

Plaintiff entered into a contract granting it the exclusive nationwide commercial distribution rights to "*Star Power*": *Floyd Mayweather, Jr. v. Victor Ortiz Championship Fight Program* (the "Program"), telecasted nationwide on Saturday, September 17, 2011.  Id. ¶ 16. Through additional contracts, Plaintiff entered into sub-licensing agreements with various commercial entities throughout North America, including entities within the State of Pennsylvania, by which it granted these entities limited sub-licensing rights to publicly exhibit the Program within their respective bars, taverns, restaurants, and other establishments.  Id. ¶ 17.

On September 12, 2013, Plaintiff filed suit in the Eastern District of Pennsylvania against Graham and JSMG (collectively, "Defendants") alleging that Defendants, at the behest of Graham and without Plaintiff's authorization, unlawfully intercepted and exhibited the Program at the Leprechaun on the night of September 17, 2011.  Id. ¶¶ 10-11.  Specifically, Plaintiff alleges these actions violated the Communications Act of 1934  (47 U.S.C. § 605, *et seq*.), the Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553, *et seq*.), and amount to unlawful conversion.  Id. ¶¶ 22, 27, 31.

On January 24, 2014, Plaintiff filed two Declarations of Service, one for each Defendant, attesting to the fact that Plaintiff's process server, Robert Calantropio (the "process server"), served both Defendants by substitute service on January 11, 2014.  (See Dec. of Serv. (Docs. 5 & 6)).  After twenty-four days passed with Defendants failing to appear, plead or otherwise defend, Plaintiff filed a Request for the Entry of Default Judgment against each Defendant with the Clerk of Court on February 4, 2014.  (See Doc. 7).  The Clerk entered the default on this same date.  On February 28, 2014, Defendants filed the instant Petition to Set Aside Default under Federal Rule

of Civil Procedure 60(b).  (See Doc. 9.)  Plaintiff did not file a Response.

## II. DISCUSSION

As a preliminary matter, we find that the legal basis set forth by Defendants in support of their Petition can be described, at best, as sparse, and, at worst, as legally deficient.  Inexplicably, Defendants' entire legal argument consists of two headings in their Petition - "Invalid Service of Process under F.R.C.P. 5 and 60(b)(6)" and "Relief from Default Judgment is fair and just under 60(b)(1) and (6)."  (See Defs.' Pet. Set Aside Judgment at 1-3.)  Defendants list factual assertions under these headings, but entirely fail to support such assertions with supporting case law or any other legal argument.  Specifically, Defendants offer no legal argument why service was invalid under Rule 5 and/or why the default should be set aside under Rule 60.  In fact, Defendants even fail to recite to the applicable sections of the Rules they seek for relief.

We find that these headings, which act as the entire legal basis for the Petition, are woefully insufficient.  See e.g. Copenhaver v. Borough of Bernville, 2003 U.S. Dist. LEXIS 1315, at *4 n.1 (E.D. Pa. Jan. 9, 2003); Fin., LLC v. Hutchinson, No. 09-1964, 2010 WL 3791481, at *4 (E.D. Pa. Sept. 24, 2010) (denying summary judgment after finding that "defendants' mere citation of the statute of frauds without any meaningful discussion of its applicability and without citing other authority in support of its argument . . . is insufficient under Local Rule 7.1(c).").  "Fully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in performing its duty, and ultimately in serving the ends of justice.  Any brief . . . that is lacking even a modicum of these elements is woefully insufficient and inexcusable."  Id.

Here, our ability to decide Defendants' Petition has been hampered by Defendants' failure

3

to develop sufficient legal arguments that apply the relevant facts and are supported by ample citation to legal authority. Instead, we are faced with conclusory arguments couched in a threadbare recital of Rule 5 and Rule 60. As the United States Court of Appeals for the Third Circuit ("Third Circuit") stated in United States v. $55,518.05 in U.S. Currency, 728 F.2d 192 (3d Cir. 1984), "if we allow the setting aside of a default judgment on the mere recitation of the relevant statutory language or a phrase in the Federal Rules of Civil Procedure, then we will be establishing a new right to automatically set aside any default judgment if counsel is diligent enough to quote the applicable statute or rule of civil procedure." Id. at 196. Accordingly, we deny Defendants' Petition as being insufficient and unsupported. Id.

Notwithstanding this finding, we believe the interests of justice warrant further examination. Thus, we proceed to analyze Defendants' Rule 5[1] and Rule 60 arguments.

### A.     Service of Process

The proper service of process is an "indispensable prerequisite to personal jurisdiction over a party." Zokaites Properties, LP, v. La Mesa Racing, LLC, No. 11-259, 2012 WL 6015818, at *2 (W.D. Pa. Dec. 3, 2012) (citing Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991)). Where service of a complaint is improper, a default judgment "is void and should be set aside." Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1303–04 (3d Cir. 1995).

Here, as noted above, Defendants merely state in a heading that service is invalid under Rule 5 and Rule 60(b)(6). (See Defs.' Pet. Set Aside Default J. at 1.) Defendants, also, do not challenge the validity of service to Graham, but only the validity of service to JSMG which owns

---

[1]Although Defendants argue that there is invalid service under Federal Rule of Civil Procedure 5, Rule 4 is the appropriate Federal Rule regarding service of the Complaint. Accordingly, we will discuss Rule 4.

and operates the commercial establishment doing business as the Crazy Leprechaun. They assert that the "attempted service of process upon Leprechaun is not in accord with the Rules of Procedure" because (1) Tina Graham is a non-party; (2) Tina Graham is not an officer, agent, or shareholder of Leprechaun with any direct interest or duty toward the entity; (3) the Philadelphia address is solely a family residence that is not registered to Leprechaun; and (4) the establishment Leprechaun was never served despite being open for business on January 11, 2014, as well as on every preceding and subsequent day, from noon until 2:00 a.m. (Defs.' Pet. Set Aside Default J. at 2.) We, however, find that because service was proper as to Graham, it was also proper for JSMG because it is undisputed that Graham is an officer of JSMG. We will first address whether Graham was properly served.

      The burden rests on the party asserting the validity of service to prove its sufficiency. State Farm Mut., Auto. Ins. Co. v. Tz'Doko V'Chesed of Klausenberg, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008) (citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)). Here, Plaintiff relies upon the sworn affidavit of a private process server as evidence that service was effectuated. (See Docs. 5-6.) Though the Third Circuit has not considered the effect of a return of service executed by a private process server, the District Courts have addressed the issue. In FROF, Inc. v. Harris, 695 F. Supp. 827, 829 (E.D. Pa. 1988), the Court delineated two possible options: treat the return of service as irrefutable evidence of proper service or adopt a "more moderate rule," which considers the return of service as a rebuttable presumption in favor of proper service. FROF, 695 F.Supp. at 829 (holding that service of process was proper under either option). In the aftermath of FROF, "courts in this district have concluded that a return of service by a private process server creates a rebuttable

presumption that proper service was effectuated." Susquehanna Commercial Finance, Inc. v. French, No. 10-7481, 2011 WL 1743503, at *3 (E.D. Pa. May 5, 2011) (quoting Lautman v. Loewen Grp., Inc., No. 99-75, 2000 WL 772818, at *10 (E.D. Pa. June 15, 2000)); Closeout Grp.!, Inc. v. Venator Elecs. Sales & Serv., Ltd., No. 07-5292, 2009 WL 2431448, at *3 (E.D. Pa. Aug. 6, 2009).

Here, Plaintiff has filed Declarations of Service which establish that Graham was properly served pursuant to Fed. R. Civ. P. 4(e)(2)(B).[2] The process server avers that he attempted service at Graham's residence on eight different occasions[3] and, that on the eighth

---

[2]Rule 4(e) states in relevant part:

> [A]n individual. . . may be served in a judicial district of the United States by:
>
> (2) doing any of the following:
>
> (A) Delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Fed. R. Civ. P. 4(e).

[3]According to his Declarations of Diligence, the process server attempted service at Graham's residence at 9227 Hegerman Street, Philadelphia, Pennsylvania, on the following dates with the listed results:

(1) December 6, 2013- no answer at residence;
(2) December 7, 2013- no answer at residence;
(3) December 18, 2013- Defendant not home according to "wife, resident";
(4) January 2, 2014- no answer at residence;
(5) January 4, 2014- no answer at residence;
(6) January 6, 2014- no answer at residence;
(7) January 11, 2014- Defendant "not home per Tina Graham, spouse/co-occupant"; and
(8) January 11, 2014- "substituted service, recipient (Tina Graham) instructed to deliver documents to Defendant."

(See Docs. 5-6.)

attempt, "Michael Graham, individually and doing business as Crazy Leprechaun" was served by leaving the Complaint with "Tina Graham- spouse/co-occupant."[4] (See Doc. 5-6.) In light of the Return of Service submitted by Plaintiff, we find that a presumption exists in favor of proper service, which Defendants have failed to rebut. We, thus, find that Graham was properly served under Rule 4(e). We further find that because service was proper as to Graham, it was also proper as to JSMG pursuant to Rule 4(h)(1)(B)[5] because it is undisputed that Graham is an officer of JSMG. Moreover, Defendants have offered no legal support to the contrary or any other support in favor of their position that JSMG, doing business as the Crazy Leprechaun, was not properly served.

    **B.    Rule 60(b)**

As noted above, Defendant states in a caption that "Relief from Default Judgement is fair and just under 60(b)(1) and (6)." (Defs.' Pet. Set Aside Default J. at 3.) Where a final judgment or order has been entered in a case, Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief based on any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party;

---

[4] Plaintiff also submitted "Proof of Service By Mail" which states that on "January 13, 2014, after substituted service" was made, copies of the Complaint were mailed to Defendant at his Philadelphia address. (See Docs. 5-6.)

[5] Rule 4(h)(1)(B) provides in relevant part that a corporation must be served:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(h)(1)(B).

> (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"The decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981), *overruled on grounds not relevant here by* Roman v. Jeffes, 904 F.2d 192, 195 n.4 (3d Cir. 1990). The jurisprudence in this circuit clearly reflects that relief under Rule 60(b) is available only in rare and extraordinary circumstances. See Bierley v. Shimek, 153 F. App'x 87, 88–89 (3d Cir. 2005); Moolenaar v. Gov't of the Virgin Islands, 822 F.2d 1342, 1346-47 (3d Cir. 1987). The Rule "does not confer upon the district courts a standardless residual of discretionary power to set aside judgments." Moolenaar, 822 F.2d at 1346. Relief should be afforded only where the "overriding interest in the finality and repose of judgments may properly be overcome." Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (quoting Martinez–McBean v. Gov't of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)). Thus, "the remedy provided by Rule 60(b) is extraordinary, and [only] special circumstances may justify granting relief under it." 822 F.2d at 1346.

### 1. Rule 60(b)(1): Mistake, Inadvertence, Surprise and/or Excusable Neglect

Defendants are not entitled to relief under Rule 60(b)(1) for two reasons. First, we note that Defendants do not specify which of the four situations is present here. We can only assume from the assertions in the Petition that they are claiming "excusable neglect." Defendants state that from June 2013 to mid-February 2014 he has been deeply involved in a contentious litigation

in the Philadelphia Court of Common Pleas, which involved participants with similar sounding names to participants in the instant case. (See Defs.' Pet. Set Aside Default J. at 3.)  Defendant further asserts that in January 2014, he was receiving numerous letters and correspondences pertaining to the Philadelphia Common Pleas litigation, and that "any document that may have been delivered to the residential property during the month of January was unfortunately, although not unreasonably, mistaken as pertinent to the Philadelphia Common Pleas action." (Id.)  Defendant, also, explains that he did not expect to receive documents pertaining to the instant litigation, did not intend to disregard the procedural requirements of responding to the action, and had he known that documents he allegedly received pertained to the instant matter, he would have responded promptly. (Id.)

However, Defendants do not set forth any legal argument or analysis in support of what appears to be their request for relief under Rule 60(b)(1) for excusable neglect.  Second, it has been a long established practice that in ruling on a motion to set aside a default under Rule 60(b)(1), the district court must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and, (3) whether the default was the result of the defendant's culpable conduct. In re Subramanian, 245 F. App'x 111, 115 (3d Cir. 2007) (quoting Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1984)).  Here, Defendants have neglected to even mention these factors, let alone, apply the requisite standard.  Failure to satisfy these factors precludes the ability of Defendants to utilize this Rule.  See In re Subramanian, 245 F. App'x 111 at 117 (affirming the denial of motion to vacate because party failed to assert a meritorious defense); U.S. v. Moya, 118 F. App'x 666, 668 (3d Cir. 1995) (relief under Rule 60(b)(1) is precluded where party failed to raise a meritorious

9

defense).

### 2.     Rule 60(b)(6):  Any Other Reason that Justifies Relief

Defendants are also not entitled to relief under Rule 60(b)(6).  This Rule acts as a "catch-all provision" whose purpose is to vacate judgment.  Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  However, it is rarely invoked as "[r]elief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."  Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993); see also Budget Blinds, Inc., 536 F.3d at 251.

Here, regarding Rule 60(b)(6), we once again note that Defendants blankly assert that relief is "fair and just" under this Rule.  This conclusory argument lacks any legal basis as Plaintiff complied with the requirements set forth in the Federal Rules of Civil Procedure for the effective service of process by serving Graham and JSMG.  See Fed. R. Civ. P. 4(e); Fed. R. Civ. P. 4(h).  Furthermore, we are again puzzled at the complete neglect shown by Defendants in presenting this argument without any supporting legal precedent or further analysis.  Essentially, Defendants' skeletal argument is not sufficient to warrant relief.

Defendants were required to serve a responsive pleading within twenty-one days of receiving the Complaint, which in this case occurred by substitute service to Graham on January 11, 2014.  See Fed. R. Civ. P. 12(a)(1)(A).  Thus, upon Defendants failure to respond after the culmination of this period, Plaintiff's Request for Default was properly filed.  Id.; see also Fed. R. Civ. P. 55.  In this case, default is not "an extreme or unexpected hardship;" rather, it is the exact result the Federal Rules of Civil Procedure prescribe when a defendant fails to file an answer or responsive pleading.  See Fed. R. Civ. P. 55 (mandating when a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default).  Consequently, we do not view Defendants' situation, as set forth by Defendants, as an "extraordinary circumstance" where "an extreme and unexpected hardship would occur" without our intervention.  See Sawka, 989 F.2d at 140.

### III. CONCLUSION

We find that both Graham and JSMG were properly served with process under Rule 4(e) and (h).  Moreover, Defendants are not entitled to relief under Rule 60.  "The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  Because parties have a strong interest in the finality of judgments, the Third Circuit has "cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances." Id.  Here, Defendants have failed to show that this is an "extraordinary case" warranting the relief requested. Bierley, 153 F. App'x at 88-89. On the contrary, we find Defendants' Requests to be woefully insufficient, and are perplexed by Defendants' broad invocation of Rule 60 without supporting their position with any legal basis. "Rules governing the timing of pleadings and the entry of default are essential to the efficient and orderly operation of the judicial system and to the swift and just resolution of claims for the parties involved." Nespoli v. Phila. Housing Auth., No. 95-5790, 1996 WL 65475, at *3 (E.D. Pa. Feb. 14, 1996).  Permitting default to be set aside based upon a defendant's threadbare recital of Rule 60 would severely impinge upon the ability of default to work towards this end.  See $55,518.05 in U.S. Currency, 728 F.2d 192 at 196.  Accordingly, we deny Defendants' Petition

```
```
to Set Aside the Judgment.

An appropriate Order follows.